IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN BOSWELL | § | |
| VS. | § | CIVIL ACTION NO. 9:24-CV-33 |
| WAINWRIGHT UNIT, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, John Boswell, an inmate currently confined at Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants the Wainwright Unit Reclassification Administration and Inmate Gregory Russell.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff filed this complaint on January 29, 2024 (doc. #1). Plaintiff moved for leave to proceed *in forma pauperis* on the same day (doc. #4). Plaintiff, however, failed to include a certified income trust statement for the preceding six month period. On February 8, 2024, the undersigned ordered Plaintiff to provide a certified income trust statement for the preceding six month period within thirty (30) days (doc. #7). Plaintiff received a copy of this order on February 23, 204 (doc. #8). More than ample time has passed, yet Plaintiff has failed to comply and provide the court with a certified income trust statement for the preceding six month period. Plaintiff has also failed to pay the full filing fee of $405.00.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030,

1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). Plaintiff has failed to pay the full filing fee or file a proper application to proceed *in forma pauperis*.

## Recommendation

This civil action should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 6th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE